IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZYBERTECH CONSTRUCTION SOFTWARE SERVICES LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-2937-N |
| DARYL SHENNER, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Daryl Shenner and Zybertech USA, LLC's ("Zybertech USA") motion to dismiss [17].  Because the doctrine of comity favors dismissal, the Court grants the motion.

### I. ORIGINS OF THE MOTION

This case arises out of a dispute concerning proceeds from the sale of Plaintiff Zybertech Construction Software Services Ltd.'s ("Zybertech") assets.  The Court of Queen's Bench of Alberta, Canada (the "Alberta Court") previously issued a standing order prohibiting Shenner from using "any corporate credit cards or bank accounts of Zybertech, its Affiliates, or its subsidiaries" or binding "Zybertech, its Affiliates, or its subsidiaries to any obligations or liabilities."  Am. Compl., Ex. A ¶ 24 [8].  According to Zybertech, in January 2021, Shenner violated the Alberta Court's standing order by withdrawing funds from a bank account belonging to Zybertech USA, a subsidiary of Zybertech.  In July 2021, the Alberta Court issued an order finding Shenner in contempt of the Alberta Court's prior

MEMORANDUM OPINION AND ORDER – PAGE 1

order and directing Shenner to return the funds.  Am. Compl., Ex. B.  Zybertech brought this conversion and declaratory judgment suit against Defendants seeking an order enforcing the Alberta Court's standing order and requiring Shenner to return the withdrawn funds.  Am. Compl. ¶¶ 1–6.  Defendants now move to dismiss Zybertech's claims under Rules 12(b)(2), 12(b)(3), and 12(b)(6).  Because international comity favors dismissal, the Court does not address Shenner's personal jurisdiction or venue arguments.

## II.  RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must

be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. LEGAL STANDARD FOR INTERNATIONAL COMITY

"Comity is 'the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.'" *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana SA de CV*, 347 F.3d 589, 594 (5th Cir. 2003) (quoting *Hilton v. Guyot,* 159 U.S. 113, 163–64 (1895)). District courts may dismiss suits on international comity grounds when there is litigation pending in a foreign forum. *See Perforaciones Exploracion y Produccion v. Maritimas Mexicanas, S.A. de C.V.*, 356 F. App'x 675, 680–81 (5th Cir. 2009) (citing *Ungaro–Benages v. Dresdner Bank AG,* 379 F.3d 1227, 1238 (11th Cir. 2004)). Five elements must be met for international comity to apply:

> (1) the foreign judgment was rendered by a court of competent jurisdiction, which had jurisdiction over the cause and the parties, (2) the judgment is supported by due allegations and proof, (3) the relevant parties had an opportunity to be heard, (4) the foreign court follows procedural rules, and (5) the foreign proceedings are stated in a clear and formal record.

*Int'l Transactions*, 347 F.3d at 594 (quoting *Hilton,* 159 U.S. at 159). The party asserting the affirmative defense of comity has the burden of proof on the issue. *Int'l Transactions*, 347 F.3d at 594.

MEMORANDUM OPINION AND ORDER – PAGE 3

## IV.  THE COURT GRANTS THE MOTION TO DISMISS

The ongoing proceedings in the Alberta Court meet all five comity elements.  First, the Alberta Court has jurisdiction over the underlying cause of action and the parties before it.  *See* Am. Compl. ¶ 30 (describing Shenner as subject to the Alberta Court's jurisdiction); Defs.' Br. Supp. Mot. Dismiss 16 [18] (admitting that the Albert Court has jurisdiction over the cause of action and the parties).  Next, the Alberta Court has allowed the parties to present evidence and issued rulings based upon the record before it.  *See* Am. Compl., Ex. A ¶¶ 28–32 (explaining the procedural rules the parties must follow to seek a contempt order), Ex. B (explaining that the Court considered pleadings and accompanying affidavits from both parties before issuing the contempt order).  Lastly, the Alberta Court has followed the relevant procedural rules and stated each of its findings in a formal written opinion.  *See generally* Am. Compl., Ex. A, Ex. B, Ex. C.  Accordingly, Defendants have shown that the elements of comity have been satisfied.

Exercising jurisdiction in this case may lead to conflicting rulings from the two court systems.  As discussed above, the basis of Zybertech's conversion suit is Shenner's alleged withdrawal of funds in violation of the Alberta Court's standing order.  *See* Am. Compl. ¶¶ 1–6.  It is unclear that this Court is the best, or even a proper, forum to enforce the Alberta Court's orders.  Order Den. TRO 3 [7]. The Alberta Court issued a contempt order sanctioning Shenner and requiring return of the funds.  Am. Compl., Ex. B.  But that order was vacated on appeal, Am. Compl., Ex. C, and the lawfulness of Shenner's conduct is

therefore unclear.[1]  Allowing the conversion suit to move forward would require the Court to determine the validity of the Alberta Court's standing order, interpret the provisions restricting Shenner's withdrawals, and make a factual determination as to whether Shenner did in fact commit a violation.   Moreover, the Court would have to take these actions without the guidance of a record and final judgment from the Alberta Court, creating the risk that a reversal in the Canadian system would undermine the current action.  District courts may utilize their discretion to invoke the doctrine of international comity to prevent conflicting rulings and duplicative efforts.  *See Perforaciones Exploracion y Produccion*, 356 F. App'x at 680–81; *Int'l Transactions*, 347 F.3d at 593–594.   American courts applying comity principles routinely defer to Canadian courts.  *See, e.g.*, *Block v. InterOil Corp.*, 373 F. Supp. 3d 683, 689 (N.D. Tex. 2019) ("Canada is a sister common-law jurisdiction[,]" and the "Court is aware of no case in which an American court has refused to defer to Canada.") (quoting *Caddel v. Clairton Corp.*, 105 B.R. 366, 366 (N.D. Tex. 1989)).  Accordingly, the Court declines to exercise jurisdiction and grants the motion to dismiss.

## CONCLUSION

Because the doctrine of comity favors dismissal, the Court grants the motion and dismisses Zybertech's claims without prejudice.

---

[1] The appellate court vacated the contempt order as it relied on double hearsay.  *See* Am. Compl., Ex. C ¶ 28.  The parties have not provided any information on the outcome of the proceedings on remand.

MEMORANDUM OPINION AND ORDER – PAGE 5

Signed February 6, 2023.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 6